# ALASKA PACKERS ASSOCIATION *v.* ADMIRALTY TRADING COMPANY.

---

### TRADEMARKS; ESTOPPEL; PRIOR USE.

1. An opposition to an application for the registration of a trademark used on canned salmon, consisting of a flag having a blue background, with a horizontally arranged white stripe with three white stars, together with a red monogram, is properly dismissed where the opposer shows ownership and use on canned salmon of several marks consisting of flags of different colors and markings, used on different brands of its goods, each of which flags differs as much from the other as it does from the flag of the applicant.

2. Where an opposition to the registration of a mark as a trademark, based upon the use by the opposer of a similar mark upon goods of the same kind, is dismissed, the question whether the applicant's mark shall be registered is one for the determination of the Patent Office, and not for this court.

No. 953.    Patent Appeals.    Submitted January 13, 1915.    Decided February 1, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a motion to dismiss an opposition to the registration of a trademark.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Alexander Britton, Mr. Evans Browne, Mr. George W. Ramsey, Mr. Francis M. Phelps, Mr. Charles E. Townsend,* and *Mr. Melville Church* for the appellant.

*Mr. E. T. Fenwick* and *Mr. L. L. Morrill* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents in a

trademark opposition proceeding sustaining the applicant's (appellee here) motion to dismiss the opposition.

The mark of the applicant, Admiralty Trading Company, consists of the representation of a flag "having a blue background with a horizontally arranged white stripe with three white stars," together with the red monogram "A. T. Co." This mark is used on canned salmon. In its notice of opposition, appellant alleges the ownership and use, on canned salmon, of the following marks: A mark consisting of a flag with bottom, top, and end triangular panels, and a central circular portion bearing the letter "C," the flag being accompanied by the words "The Coleman Flag," this mark being known as the "Coleman Flag Brand;" a mark consisting of the representation of "a red flag having a blue diamond imposed upon its central portion, with the letter 'H' within the diamond, said brand being known as 'Hume's Flag Brand;'" of another mark "as a brand for canned salmon, the representation of a flag, with its free portion wound around the flagstaff, said flag being colored red and black, and having the letter 'A' imposed upon the body of the flag, said brand being known as 'Ensign Brand;'" of another mark consisting of two eccentric circles bearing between the same the name and address of the appellant, and within the circle a flag having two triangular red fields and a triangular black field, the fields being surrounded by a blue stripe with the letter "A" being arranged upon the black triangle; of still another fishtail flag.

The Examiner of Interferences held that there was nothing in common between the marks used by the appellant and that of the applicant but the body of the flag broadly, and concluded: "It is not believed that persons using any degree of care whatever would confuse the mark of the applicant with any of the several marks of the opposer, and inasmuch as this is the only question which the case presents, no necessity exists for the taking of proofs." His decision was affirmed by the Commissioner.

Since appellant has itself used the several different flags above described, in the sale of different brands of its goods, it is hardly in a position here to contend that the mark of the applicant will

be likely to cause confusion in trade, since that mark differs from each of its marks as much as they differ from one another. In other words, having sold these different brands of salmon under as many different flags, appellant is here estopped to contend that it will be damaged by the registration of applicant's mark, and, having no standing to be heard, its petition was rightly dismissed. With the dismissal of the opposition the question whether applicant's mark should be registered becomes one for the determination of the Patent Office, and not for this court. We therefore express no opinion upon that question.

Decision affirmed.                           *Affirmed.*